UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JAMES P. NELLIGAR, et al.,          :
                        Plaintiffs, :
                                    :        10 Civ. 743 (KBF) (MHD)
            -v-                     :
                                    :        MEMORANDUM & ORDER
ASS. SUPERVISOR SANDRA CLARKSON,    :
et al.,                             :
                        Defendants. :
                                    :
------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1 4 DEC 2011
```

KATHERINE B. FORREST, District Judge:

This case is before the Court on certain defendants' (the "City Defendants")[1] motion to impose the extraordinary sanction of dismissal of this action for serious and unremedied abuse of the discovery process pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

As discussed further below, plaintiff James P. Nelligar's ("Plaintiff" or "Nelligar") physical and mental medical condition is central to a liability determination in this matter. Plaintiff has twice been ordered by the Court to provide "adequate medical releases" in response to the City Defendants' discovery requests--once on June 1, 2011 and once on September 7, 2011. Nelligar concedes that he did not produce full medical releases in response to either the June 1 or

---

[1] The City Defendants are the City of New York, ACS, Sandra Clark, Anisha Threatt-McBrown, Maylyn Martinez, Lakaya Christopher, Felix Vigo, Mordy Lichtenstein and James Stewart.

September 7 Orders. Both Nelligar and his counsel essentially admit that Nelligar's refusal to provide adequate medical releases in response to the June 1 and September 7 Orders was willful. For that reason and those discussed below, the City Defendants' motion to dismiss is GRANTED.

BACKGROUND

Plaintiff, proceeding pro se, commenced this action on February 1, 2010, asserting claims and damages arising out of the filing of a Neglect Petition by ACS upon its receipt of two reports of suspected inadequate guardianship (and possible abuse) by Plaintiff and his fiancée, Elizabeth Stonick-Nelligar, and the subsequent placement of Plaintiff's infant child in foster care. See Decl. of Serena Longley ("Longley Decl."), Dkt. No. 66, ¶ 2. Plaintiff commenced this action on behalf of himself and his infant daughter. Prior to service being completed upon any defendant, Plaintiff, still pro se, filed an Amended Complaint on August 30, 2010. See Dkt. No. 6. On December 28, 2010, attorney Carlos Gonzalez made an appearance on behalf of both Plaintiffs. At the January 19, 2011 initial pretrial conference, the Court issued a scheduling order requiring initial disclosures and all written discovery requests propounded by February 28, 2011. See Dkt. No. 11. The Court also set the close of discovery for May 31, 2011. Id. Although the City Defendants served their discovery demands within the

2

time frame set by the January 19 Order, Plaintiffs did not. See Dkt. Nos. 56-58 (request from Plaintiffs for an extension of time to file discovery requests).

At a status conference on June 1, 2011, Plaintiffs' counsel requested an extension of the discovery period because he was experiencing health problems and a change in his law firm. See Conf. Tr. 2:8-9, 3:12-3:22 June 1, 2011. Among the various discovery issues discussed during that conference was Nelligar's failure to provide medical releases in response to the City Defendants' document requests. Plaintiffs' counsel's explained Nelligar's reticence to provide such medical releases, despite his own attempts at explaining the necessity of providing such releases. See id. 3:25-4:6, 4:22-5:20, 8:5-8:21. Magistrate Judge Dolinger instructed counsel that he would impose certain consequences "if he decides that [Nelligar] really doesn't want to sign any of these releases." Id. 8:20-21.

After the June 1 conference, the Court issued a revised scheduling order requiring Plaintiff to provide adequate and complete medical releases by June 15, 2011 or be precluded from seeking damages on the basis of physical or emotional injury. See Dkt. No. 18. The Court also extended the discovery deadline until September 15, 2011. Id. Plaintiff did not provide adequate or complete medical releases by June 15, 2011. Instead, he provided releases for only two (out of a number) of

medical providers, and those releases were facially deficient since they lacked critical personal information (e.g., date of birth, Social Security Number) and had the necessary release language crossed out. The releases could not be used by the City Defendants to obtain the relevant medical records. Longley Decl. ¶ 8.

Magistrate Judge Dolinger held another conference on September 7, 2011, at which Plaintiffs' counsel failed to appear. See 9/7/11 Minute Order. Subsequent to that conference, Judge Dolinger issued an order requiring Plaintiff to provide adequate medical releases by September 15, 2011, and extending the City Defendants' discovery deadline until October 31, 2011. See Dkt. No. 53.

On September 15, 2011, counsel for Plaintiffs filed interrogatories and document demands, as well as an extension of the discovery deadline. See Dkt. Nos. 56-68. Plaintiffs' counsel represented that the delay in propounding discovery resulted from personal medical issues he faced within his family. Dkt. No. 56. Plaintiff did not provide adequate medical releases on September 15, nor did Plaintiffs' counsel make an application with respect to those releases in the request for an extension of the discovery deadline. See Dkt. No. 56. The Court extended Plaintiffs' discovery deadline until October 31, 2011. See Dkt. No. 59.

4

The City Defendants provided a letter to Plaintiffs' counsel on October 6, 2011, outlining the discovery deficiencies and identifying a number of providers for whom releases were outstanding. Longley Decl. ¶ 13, Ex. A. That same letter outlined what information was necessary for adequate medical releases. Plaintiffs' counsel confirmed receipt of the October 6, 2011 letter by email. Longley Decl. ¶ 14.

On October 26, 2011, the City Defendants sought leave to file a motion to dismiss this action pursuant to Rules 37 and 41. See Dkt. No. 62 at 3. On October 27, the Court indicated that it would entertain a motion for "whatever relief [Defendants] deem appropriate" "no later than November 7, 2011." See id. at 1. The City Defendants filed the instant motion on November 7, 2011. At no time between October 27, 2011, and November 28, 2011, during which he was represented by counsel, did Plaintiff attempt to provide adequate medical releases to the City Defendants. In other words, Plaintiff, through his counsel, was on notice of the possibility of dismissal for his failure to provide adequate medical releases as early as October 27, 2011--and certainly by November 7, 2011.

After a lengthy history of representing to the Court that another attorney would be taking over this matter, at a status conference on October 31, 2011, the Court warned Nelligar that if new counsel was not been retained by November 28, 2011,

Plaintiffs would be proceeding pro se. Conf. Tr. 18:13-17 Oct. 31, 2011.

The Court granted Mr. Gonzalez' application to withdraw as Plaintiff's counsel at the November 28, 2011 status conference. However, at that conference, Mr. Gonzalez represented that his final act as Nelligar's counsel would be to oppose Defendants' motion to dismiss. The opposition to the motion to dismiss was filed on November 30, 2011, and this motion was fully submitted as of December 7, 2011.

## DISCUSSION

Rule 37(b) provides that a court may impose sanctions, including dismissal, against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Although dismissal with prejudice is a "drastic remedy," it is "justified" if the uncooperative party fails to comply with a discovery order "due to willfulness, bad faith, or any fault" of his own. S. New England Tele. Co. v. Global Naps Inc., 624 F.2d 123, 144 (2d Cir. 2010) (quotation marks and citations omitted). The noncompliant party's "persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault." Masi v. Steely, 242 F.R.D. 278, 285 (S.D.N.Y. 2007); see also Baba v. Japan Travel Bureau Int'l, 111 F.3d 2, 6 (2d Cir. 1997) (finding "dismissal under Rule 37(b) was perfectly appropriate" where the record "amply demonstrate[d]

6

[the plaintiff's] repeated defiance of the district court's orders").[2]

Here, Mr. Gonzalez does not contest Plaintiff's failure to provide adequate or complete medical releases in response to the City Defendants' discovery requests. Instead, he seeks to excuse Nelligar's failure by stating that due to "his own personal constraints"--i.e., medical problems within his own family (see Dkt. No. 76-1)--he has "not been able to properly convince Plaintiff Nelligar of the necessity of said releases." Dkt. No. 76 at 3. Although the Court sympathizes with Mr. Gonzalez's personal circumstances, the record belies that excuse. Indeed, if anything, the record supports a finding of Plaintiff's willful, bad faith refusal to provide adequate medical releases.

At the June 1, 2011, status conference, Mr. Gonzalez admitted that the City Defendants were "asking for medical records for Mr. Nelligar," but that Nelligar was "posing a little bit of an issue in getting him to sign the releases. I have had multiple meetings with him essentially explaining to him that there is no way around it; given the claims, he must

---

[2] There is no need to reach the question of sanctions or dismissal under Rule 41. See, e.g., Salahuddin v. Harris, 782 F.2d 1127, 1134 (2d Cir. 1986) ("Rule 37 . . . addresses itself with particularity to the consequences of a failure to make discovery. . . . There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery." (quotation marks and citation omitted)).

sign a medical release." Conf. Tr. 3:25-4:6 June 1, 2011. Mr. Gonzalez's opposition to the instant motion makes the same point: "I have made multiple attempts to discuss this matter [i.e., the medical releases] with Plaintiff Nelligar but have been met with severe opposition." Dkt. No. 76 at 3. In other words, Plaintiff chose not to provide adequate medical releases, not due to any inability to do so or lack of understanding as to what was required.

By Plaintiff's own admission,[3] his refusal to provide complete medical releases is based upon his belief that the City Defendants have "fraudulently" obtained files and records of his from the underlying family court case and placed them in his medical files. See Dkt. No. 76 at 3 ("on 11/28/2011, Plaintiff Nelligar stated to the Court that there were multiple issues he had with the oppositions [sic] requests for certain releases. He presented to the Court similar issues as to the ones we have discussed over lengthy periods of time."). The Court explained at the November 28 conference that no matter what he believed was contained in his medical files, the discovery rules required him to provide the full set of complete medical releases. To date, no medical releases have been provided despite the pending motion to dismiss, the Court's June 1 and September 7 orders,

---

[3] Mr. Nelligar represented himself pro se at the November 28, 2011 conference after Mr. Gonzalez had been relieved as counsel.

8

and the Court's explanation at the November 28 conference.

Nelligar's provision of <u>inadequate</u> medical releases further demonstrates his own willfulness and bad faith in failing to provide complete medical releases responsive to the City Defendants' discovery demands and in compliance with the June 1 and September 7 Orders. Nelligar provided releases for only two of the numerous providers seen during the relevant time period, but failed to provide critical (but easily accessible) information in those releases, including his date of birth and his Social Security number. <u>See</u> Dkt. No. 65 at 4 n.2; <u>see also</u> Dkt. No. 62 at 2 n.2. In addition, Plaintiff crossed out specific language in the releases necessary for the providers to allow release of his files. <u>See</u> Dkt. No. 65 at 4 n.2; <u>see also</u> Dkt. No. 62 at 2 n.2. The omission of the critical identifying information and of the necessary language have prevented the release of Nelligar's medical records from even the two providers for which he turned over releases. Dkt. No. 65 at 4 n.2; Dkt. No. 62 at 2 n.2. Such actions demonstrate his purposeful evasion of the requirements set forth in the June 1 and September 7 Orders.

Plaintiff's and his counsel's admissions and actions leaves the Court with no doubt that Plaintiff has intentionally failed to provide adequate, complete medical releases because he believes that they contain information which he does not want

9

the City Defendants to have or to be part of this proceeding. Plaintiff has been in violation of an order of this Court for at least six months, since June 15, 2011--<u>i.e.</u>, the date set by the June 1 order for Nelligar to provide all medical releases in response to City Defendants' discovery demands.  There is no indication given Nelligar's willful refusal to provide adequate medical releases and his own reiteration of his reticence to provide releases based upon the contents of his medical records at the November 28 conference with the Court that he will provide medical releases now.

Upon consideration of the full record before the Court, the Court has determined that Plaintiff's noncompliance with the June 1 and September 7 Court orders requiring full medical releases was willful and in bad faith.

CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss the amended complaint is GRANTED.  Accordingly, it is hereby

ORDERED that this action is DISMISSED with leave to reopen if Plaintiff James P. Nelligar takes the following actions **no later than December 30, 2011:**

   (a)   Provides to the City Defendants medical releases for **all** providers during the relevant time frame as

10

  requested by the City Defendants in their discovery demands;

(b) The medical releases shall contain **all** information necessary to obtain the complete medical releases of Mr. Nelligar for **all** providers;

(c) Mr. Nelligar is <u>not</u> to make any modifications to the medical releases such that the City Defendants cannot obtain complete medical records for **all** providers; and

(d) Mr. Nelligar is to submit a letter to the Court (**by December 30, 2011**) certifying that he has provided **complete** medical releases for **all** providers to the City Defendants in compliance with the June 1 and September 7 Orders as well as this Memorandum & Order. Mr. Nelligar must provide a copy of any letter submitted to the Court to counsel for the City Defendants on December 30 as well.

 IT IS FURTHER ORDERED that even if Mr. Nelligar provides releases by December 30, 2011, he will be precluded from recovering for any physical or emotional damages per the Court's June 1, 2011 Order.

 Because Mr. Gonzalez's last act as Mr. Nelligar's counsel was to litigate the instant motion, and because Mr. Nelligar has failed to register with the Clerk's Office as directed by the Court at the November 28, 2011 hearing, Mr. Gonzalez is directed

to transmit a copy of this Memorandum & Order to Mr. Nelligar. The Clerk of the Court is further directed to terminate Carlos Gonzalez as counsel for Plaintiffs.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to terminate the motion (Dkt. No. 64), and to terminate this action.

SO ORDERED.

Dated: New York, New York
       December 14, 2011

_____
KATHERINE B. FORREST
United States District Judge